N. A. SINCLAIR, Assignee of M. McD. WILLIAMS, v. R. W. HICKS et al.

*Ambiguous Contract—Ellipsis—Construction.*

While courts may decide between one of two possible construc-
    tions of ambiguous terms and may sometimes resort to perti-
    nent extrinsic evidence to arrive at a proper interpretation,
    they cannot, nevertheless, supply a supposed ellipsis in order
    to give legal effect to language which, without addition or
    alteration, would be meaningless.

CIVIL ACTION, tried at November Term, 1894, of CUM-
BERLAND Superior Court, before *Brown, J.* A jury trial
was waived and the Court found the facts. The contro-
versy involves the interpretation to be given to the last
sentence of a contract, marked "Exhibit A," construed with
another contemporaneous contract. If the effect of said
sentence was to discharge R. W. Hicks from liability to
the plaintiff, who is the assignee of the payee therein men-
tioned, as the endorser on a note for $625, then the plaintiff
is not entitled to recover, otherwise he is entitled to
recover. The two contracts entered into contemporane-
ously are as follows:

EXHIBIT "A."

NORTH CAROLINA,    ⎱
    CUMBERLAND COUNTY. ⎰

WHEREAS, M. McD. Williams owes R. W. Hicks the sum
of $2,765.69, for payment of which said Hicks holds as col-
lateral security 'a mortgage from W. J. McDiarmid and A.
K. McDiarmid and their wives to M. McD. Williams, the
same having been transferred for that purpose by said Wil-
liams to said Hicks, which mortgage covers the lands in
Cumberland and Harnett counties, North Carolina, known

as the McDiarmid lands ( about 13,000 acres, ) and the Cameron tract of 146 acres, and is a second mortgage on said lands, made in December, 1890, and duly recorded in Cumberland and Harnett counties; and whereas said M. McD. Williams, as assignee of said W. J. McDiarmid & Bro., and conducting the assigned business and managing the assigned property during the year 1891, by an agreement of the creditors, has incurred liabilities, as appears by his statements of account; and whereas R. W. Hicks, J. Y. Gossler and M. McD. Williams have this day entered into an agreement for an arbitration, etc., of an account which M. McD. Williams claims against the property lately in his hands as assignee of W. J. McDiarmid & Bro., and incurred, as he claims, under the agreement of the creditors of W. J. McDiarmid & Bro.; and whereas R. W. Hicks may become one of the purchasers of the assigned property of W. J. McDiarmid & Bro. at the sales to be made this day by J. D. Williams, as first mortgagee of said " McDiarmid lands," and by Joseph G. Brown, trustee, of the " Mill tract," containing five and eight-tenths acres, and the machinery and improvements thereon, located at Spout Springs, N. C., and also a part of said assigned estate, in the event of which purchase said R. W. Hicks' claim of $2,765.69 against said M. McD. Williams would become liable to scale in proportion, as said R. W. Hicks' claim represented the purchase money of the whole of said assigned property; and in case the indebtedness incurred by said M. McD. Williams as assignee of W. J. McDiarmid & Bro., and by virtue of the agreement between said Williams and the creditors of said W. J. McDiarmid & Bro., should finally be decided to be proper, correct and a charge against the assigned estate, and, in any event, would be subject to the individual claim of about $2,700.00 of M. McD. Williams, to be passed upon, audited and finally

determined and settled in accordance with the terms of an agreement of this date between R. W. Hicks, J. Y. Gossler and said M. McD. Williams, which agreement is hereby referred to in further explanation of this agreement, and is made a part thereof so far as concerns said R. W. Hicks and M. McD. Williams; and whereas it is the desire of M. McD. Williams that his indebtedness to said R. W. Hicks, collaterally secured by said mortgage from W. J. McDiarmid & Bro. to said M. McD. Williams, shall be fully paid without any scale or offset, and in case said Hicks should become one of the purchasers, that said sum of $2,765.69, due him by said Williams shall be allowed as cash on said purchase and without scale or offset in any event: Now, therefore, in consideration of the premises and the further consideration of ten dollars, in hand paid by R. W. Hicks to M. McD. Williams, the receipt of which is hereby acknowledged, the said M. McD. Williams agrees, covenants and promises with and to said R. W. Hicks that in any event said $2,765.69 shall be without scale or offset of any kind, and that he will protect and save said Hicks harmless as to any scale or offset on said sum, and that any note or other paper signed or endorsed by R. W. Hicks upon the coming in of the award of the arbitrators or by reason of any claims against said assigned property contracted by M. McD. Williams as assignee of W. J. McDiarmid & Bro. and agent of the creditors under said contract of December, 1890.

M. McD. WILLIAMS (Seal.)

Witness:

H. McD. ROBINSON.

EXHIBIT "B."

Articles of agreement made and entered into this day by and between J. Y. Gossler, Gossler & Co., R. W. Hicks and M. McD. Williams:

WHEREAS, M. McD. Williams is indebted to R. W. Hicks in the sum of $2,765.69, for which he holds as collateral security a mortgage by W. J. McDiarmid & Brother to said Williams, and has agreed to assign to said Hicks a sufficient interest in amount of said mortgage to liquidate said debt; and whereas there will then be a balance of about $862.61 due to M. McD. Williams on the said mortgage; and whereas there are matters of difference between said Gossler and said Williams, and between the creditors of the said W. J. McDiarmid and Brother and the said Williams:

Now, therefore, the said Gossler & Company and John Y. Gossler and the said Hicks agree with the said Williams:

1. That if the said Gossler & Hicks, or any person for them, shall purchase and take deeds for the properties of W. J. McDiarmid & Brother, at the sales advertised for this day at Spout Springs, they will, on or before January 9th, 1892, pay to the said Williams the sum of about $862.61, and he will thereupon assign and transfer the said balance due upon his said mortgage to the said Gossler & Hicks.

2. That all matters of difference between the said Gossler & Hicks and the said Williams and the creditors of W. J. McDiarmid & Brother and the said Williams shall be at once submitted to the arbitration of J. C. MacRae and N. A. Sinclair, they, in advance, to select an umpire, and the award of a majority shall be final. This, upon the condition that the said Gossler & Hicks or some person for them, shall purchase and take deeds for the properties to be sold this day.

3. The said Gossler & Hicks and the said Gossler & Company agree that the corporation to be formed shall immediately, upon the coming in of the award, give to the said Williams four notes for the amount of the award of

116—39

equal amounts, payable in 2, 4, 6 and 8 months after their date, with interest at the rate of 8 per cent.; one of the said notes to be endorsed by said Hicks and the others by said Gossler.    Thereupon the said Williams is to assign to the said Gossler & Hicks his claim and interest under the said award.

4. Said Williams agrees to sell at public sale any and all properties not included in the said J. D. Williams mortgages and the Brown deeds of trust at once.  In the meantime and at once the said Williams is to deliver to the said Gossler & Hicks all property and assets of every description belonging to the said trust estate of McDiarmid & Brother, if they become the purchasers as aforesaid.    This is to include all the property included in the J. D. Williams mortgages and the Brown deeds of trust, and all property and assets of the said trust estate not included in the said Williams mortgages and the Brown deed of trust.    The said Gossler & Hicks agree that the property which the said Williams shall advertise for sale as herein provided shall be forthcoming at the sale of the said Williams.    The said Gossler & Hicks shall in the meantime hold the same in trust for said Williams until the day of sale.    Dated January 2nd, 1892.

JNO. Y. GOSSLER, (Seal.)

Witnesses:                GOSSLER & Co.

 H. McD. ROBINSON.        R. W. HICKS, (Seal.)

 N. A. SINCLAIR.          M. McD. WILLIAMS, (Seal.)

ADDENDUM—"M. McD. Williams, as assignee, agrees at once to execute to Gossler & Hicks, if they become the purchasers, quit-claim deeds for all the properties."

The conclusions of law were as follows:

1. That no evidence has been offered showing any breach of the covenant contained in last 17 lines (or last clause) in the paper writing marked Exhibit A.

SINCLAIR v. HICKS.

2. That said paper writing does not convey to Hicks the award of the arbitrators for $2,500 or any part of it in favor of M. McD. Williams.

3. That if the paper marked Exhibit A is the basis of any demand in favor of R. W. Hicks against M. McD. Williams, such claim should, under section 2 of the agreement (Exhibit B.) to arbitrate, have been submitted to the arbitrators.

4. That the interest of said Williams in the award shall be assigned to Gossler & Hicks as provided in section 3 of the agreement (Exhibit B.) upon payment of the sum of $625 with 8 per cent. interest from July 2, 1892, by the said corporation.

5. That the plaintiff is entitled to receive and recover the said $625 and 8 per cent. interest from said date from the defendant corporation and to recover the same from the defendant, the Consolidated Lumber Company, and the said Hicks as surety or endorser.

6. That plaintiff recover costs to be taxed by Clerk.

All of the other facts found by the Court below, which are material, are embodied in the opinion. The defendants appealed from the judgment rendered.

*Messrs. N. A. Sinclair* and *Shepherd & Busbee*, for plaintiffs.

*Messrs. MacRae & Day* and *H. McD. Robinson*, for defendants (appellants).

AVERY, J. (after stating the facts): The award of the arbitrators declares that the plaintiff is entitled to receive of Gossler & Co., and R. W. Hicks, the sum of $2,500, in full of all claims and demands whatever, and it is agreed that by a subsequent arrangement the defendant, the Consolidated Lumber Company, became responsible for the pay-

ment of the said amount awarded to the rightful claimant, and has paid all except the sum of $625, evidenced by a note endorsed by the defendant R. W. Hicks and which he contends was not due to the plaintiff's assignor, Williams, under a contract (marked Exhibit A.) entered into by said Williams cotemporaneously with the signing of another agreement, which is to be construed with it, and in which, in addition to the mutual stipulations to submit to arbitration, Williams contracted to assign a sufficient portion of a debt secured to him by a certain mortgage executed by W. J. McDiarmid & Bro., to satisfy a debt of $2,765.69 due to R. W. Hicks from Williams individually. Williams had been appointed assignee by McDiamid & Bro., and hab subsequently executed an assignment to plaintiff for the benefit of his own creditors. By the terms of the last named contract, such sum, as should be awarded to Williams, was to be secured by four notes in equal amounts, three of which were to be endorsed by Gossler and one by R. W. Hicks.

It is contended for the defendants that Williams agreed to hold Hicks harmless in advance as to any apparent liability he might incur by endorsing a note for one-fourth of the amount of the award ($625,) which is the subject of the controversy, to Williams. The language of the concluding portion of the instrument to which it is insisted this construction must be given, is as follows: "Now, therefore, in consideration of the premises and the further consideration of $10, in hand paid by R. W. Hicks to M. McD. Williams, the receipt of which is hereby acknowledged, the said Williams agrees, covenants and promises with and to said Hicks that in any event said $2,765.69 shall be without scale or offset of any kind, and that he will protect and save said Hicks harmless as to any scale or offset on said sum, and that any note or other paper signed or endorsed by Hicks upon the coming in of the award of the arbitra-

tors or by reason of any claims against said assigned property, contracted by Williams as assignee of McDiarmid & Bro., and agent of the creditors under said contract of December, 1890. (Signed by M. McD. Williams, seal, and witnessed by H. McD. Robinson)."

It is admitted that the debt of $2,765.69 has been realized by Hicks out of the proceeds of the claim against McDiarmid & Bro., which had been assigned to him by Williams, and therefore the contract to hold Hicks harmless as to that, has been performed. Whatever the parties may have intended for the draftsman to incorporate in reference to the note to be endorsed by Hicks, it is evident that in the hurry of preparing to embark on a train, a sentence was left incomplete, and the latter part of it, as it was written, is not sufficient to limit his liability in any way. Courts may decide between one of two possible constructions of ambiguous terms, and may resort sometimes to pertinent extrinsic evidence to arrive at a proper interpretation. But they are not at liberty to supply a supposed ellipsis in order to give legal effect to language that, without addition or alteration, would be meaningless.

It is the duty of the parties to express intelligibly, and and it is the office of the Court to enforce, when so expressed, the intent of two or more minds that constitutes the contract. The judgment of the court below is affirmed.

Affirmed.